## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HAZEL LESSEN, as personal representative
of the wrongful death claim of the estate of
RICHARD DOMMER,

       Plaintiff,

v.                                       No. CIV-06-0002 MV/LAM

HARRY TIPTON, ALBERT CHAVEZ,
DOUGLAS WEISHEIT, and
ERIC GARCIA,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiff's

Complaint based upon the Doctrines of *Res Judicata* and/or Collateral Estoppel, (Doc. No. 5, filed

January 13, 2006). The Court, having reviewed the submissions of the parties and the relevant law,

shall **GRANT in part** and **DENY in part** Defendants' Motion.

**Background**

On August 16, 2004, approximately three months after filing her complaint, Plaintiff filed an

amended complaint in state court as personal representative of the wrongful death claim of her son

("decedent"). (*See* Mem. at 2-3, Doc. No. 6, filed January 13, 2006; Resp. at 2-3, Doc. No. 9, filed

February 17, 2006. Plaintiff's amended complaint named the City of Albuquerque and Correctional

Medical Services, Inc. as defendants. (*Id.*).

The amended complaint alleged that following his arrest, decedent was taken to the

Metropolitan Detention Center, which is located in a remote area, for booking, was housed at the

detention center overnight, and was released early the following morning when there was

precipitation and the temperature was near freezing.  (*See* Mot. Ex. B, First Amended Compl. ¶¶ 8-9, 12, 14, 16).   After his release, decedent wandered into the desert west of the detention center and died of exposure and/or a fall sometime that night or the next morning. (*Id*. ¶¶ 21-22).   Plaintiff alleged that Defendant City of Albuquerque's employees failed to recognize that decedent needed medical care, failed to provide medical care when decedent was released from the detention center, and failed to provide transportation to decedent to an area where decedent could seek care.  (*Id*. ¶¶ 30, 36).  Plaintiff's amended complaint alleged that Defendant's negligence caused or contributed to decedent's death and requested compensatory damages.  (*Id*. ¶¶ 31, 37).

On December 2, 2005, after hearing arguments of counsel, the state district court granted Defendant City of Albuquerque's motion for summary judgment and dismissed Defendant City of Albuquerque with prejudice.  (Mem. Ex. E).

On December 6, 2005, Plaintiff filed another complaint, under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, with the state district court.  (*See* Not. of Removal, Doc. No. 1, filed January 4, 2006, ¶ 1).  The complaint filed on December 6, 2005, named four City of Albuquerque employees as defendants and was subsequently removed to this Court.

On January 13, 2006, Defendants filed their Motion to Dismiss, (Doc. No. 5), now before this Court, on the grounds that Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.  In her Response, "Plaintiff concedes that she is precluded from litigating the tort claims issues as stated against [two of the four Defendants, namely] Douglas Weisheit and Eric Garcia as those claims were the subject of the previous litigation and the City of Albuquerque was alleged to have been vicariously liable for the acts and inactions of Weisheit and Garcia under state law." (Resp. at 1-2, Doc. No. 9, filed February 17, 2006).  Accordingly, the Court must now address

the whether the tort claims against the other two defendants, Harry Tipton and Albert Chavez, and the civil rights claim against all four defendants, are precluded.

**Count I - Fourteenth Amendment**

Plaintiff alleges that Defendants Tipton and Chavez, the "Supervisory Defendants," were aware of the risk to inmates from exposure, accidental injury and death, and despite the known risks neither defendant implemented or enforced any policy related to the safe transportation of inmates or policy related to the transfer of inmates in need of medical care directly to caregivers. (Compl. ¶ 15). The Supervisory Defendants' failure to implement a plan for the safe transport of all released inmates and, in particularly, impaired inmates displayed deliberate indifference to known risk to persons in custody at the detention center. (Compl.¶ 22). Defendants Weisheit's and Garcia's failures to safely transport decedent displayed deliberate indifference to decedent's known medical needs. (Compl.¶ 23). Defendants' deliberate indifference proximately caused decedent's death. (Compl.¶ 24).

**Count II - Violation of NMSA Sections 41-4-6, 41-4-12 and Negligent Failure to Provide Medical Care and Negligent Failure to Properly Supervise**

Plaintiff alleges that the Supervisory Defendants, both of whom are law enforcement officers, have a duty to properly supervise employees who are entrusted with safety of inmates, to refrain from creating dangerous conditions for inmates, and to provide adequate medical care and transport. (Compl. ¶¶ 26-29); *See also* N.M.S.A. § 41-4-6 (waives immunity for liability for damages resulting from wrongful death caused by the negligence of public employees in the operation of buildings); N.M.S.A. § 41-4-12 (waives immunity for liability for damages resulting from wrongful death when caused by law enforcement officers while acting within the scope of their duties). Plaintiff further

alleges that Defendant Tipton, who supervises the operation of the detention center, failed to adequately provide for decedent's care and transportation and that the negligence of all the Defendants contributed to or caused decedent's death.  (Compl. ¶¶ 31-32).

**Count III - Claims Under NMSA Sections 41-4-5 and 41-4-9**

Plaintiff alleges that Defendants were negligent by failing to provide for decedent's transportation and by failing to properly operate the detention center, thereby causing or contributing to decedent's death. (Compl. ¶¶ 38-39); *See also* N.M.S.A. § 41-4-5  (waives immunity for liability for damages resulting from wrongful death caused by the negligence of public employees in the operation of motor vehicles);  N.M.S.A. § 41-4-9 (waives immunity for liability for damages resulting from wrongful death when caused by negligence of public employees in the operation of medical facilities).

**Preclusion of Tort Claims**

Plaintiff asserts that the supervisory state tort claims against Defendants Tipton and Chavez are a distinct transaction from the issues litigated in the previous state court litigation and, therefore, are not barred by the doctrine of *res judicata* which takes a "transactional" perspective on litigation. (Resp. at 1).  The Court disagrees.

Under New Mexico law, there are four requisite elements for the application of *res judicata*: (1) the same parties or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action in both suits.  *Anaya v. City of Albuquerque*, 924 P.2d 735, 738 (N.M. Ct. App. 1996); *see also Gonzales v. Hernandez*, 175 F.3d 1202, 1203 (10th Cir. 1999) (a federal court is required to give a state court judgment the same preclusive effect it would be given under the laws of the state in which it was

4

rendered).  The first three elements are not in dispute.  Plaintiff argues that the tort claims in this case are not the same cause of action as was litigated in state court because "the tort allegations raised in [the state court case] focused on the decisions immediately surrounding the release of the decedent," while the case currently before this Court "focuses on decisions related to the creation of policy and supervision," specifically "the failure to implement appropriate policies and failure to train and supervise on any policies."  (Resp. at 6).

The New Mexico Supreme Court has adopted the rules contained in the RESTATEMENT (SECOND) OF JUDGMENTS §§ 24 and 25 (1982) for guidance in deciding what constitutes a cause of action for *res judicata* purposes.  (*Id.*).  Section 24 of the RESTATEMENT provides:

> (1) ... the claim extinguished [by a first judgment] includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

> (2)  What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*See Anaya v. City of Albuquerque*, 924 P.2d 735, 738 (N.M. Ct. App. 1996).

Plaintiff identifies, but does not discuss in the context of the case currently before this Court, the following factors that the Court must consider in determining whether the facts underlying the two lawsuits are so interwoven as to constitute a single claim for the purposes of *res judicata*: (1) the relatedness of the facts in time, space, origin, or motivation; (2) whether, taken together, the facts form a convenient unit for trial purposes; and (3) whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage.  *See Anaya*, 924 P.2d at 739. The Court will now consider those factors.

Beginning with the relatedness of the facts, the Court notes that of the 16 factual allegations in Plaintiff's Complaint, (*See* Compl. ¶¶ 5-20), 12 are identical, or essentially identical, to the factual allegations in Plaintiff's first amended complaint in state court. (*Compare* Compl. ¶¶ 5-12, 16, and 18-20 *with* Mem. Ex. B, ¶¶ 8-15, 17, and 20-22). Plaintiff's Complaint includes four new factual allegations stating (1) that because of the remoteness of the detention center, the City of Albuquerque knew or should have known of the need to provide safe transport back to Albuquerque, (2) the contractor providing medical service at the detention center treats 20-30 individuals suffering from drug or alcohol withdrawal per month and many of those individuals are released while still suffering withdrawals, (3) despite knowing of the risk to inmates from exposure, accidental injury or death, the Supervisory Defendants did not implement or enforce any policy related to the safe transportation of inmates or policy related to the transfer of inmates in need of medical care directly to caregivers, and (4) Defendant Weisheit allowed decedent to exit van despite knowing that decedent was to be transported downtown. (*See* Compl. ¶¶ 13-15, 17). In addition, the allegations in Counts II and III of the Complaint in this case are essentially identical to those in the tort claims in the state court case. (*Compare* Compl. ¶¶ 25-39 *with* Mem. Ex. B ¶¶ 23-37). The tort claims in both the state court case and this case allege that negligence by City employees caused or contributed to decedent's death. (*Id.*). The only difference between the tort claims in the two cases is that the case currently before this Court alleges the negligence more specifically by pointing to the failures of the Supervisory Defendants to implement or enforce certain policies.

The Court concludes that tort claims advanced in the state court case and this case form a convenient trial unit. Because the tort claims advanced in the state court case are essentially identical to those advanced in this case, both cases would have similar requirements for proof with

6

considerable overlap of the witnesses and evidence related to the claims in the two lawsuits.  *See Anaya v. City of Albuquerque*, 924 P.2d 735, 740 (N.M. Ct. App. 1996) (two cases did not form convenient trial unit where additional claims in second case involved allegations of conduct by different persons in dissimilar situations and at distinct times).

The Court also concludes that Defendants had reason to expect that the claims for wrongful death based upon the negligence of City of Albuquerque employees raised in this case would be raised in the prior case in state court.  "The purpose of *res judicata* is to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."*Chaara v. Lander*, 45 P.3d 895, 897 (N.M. Ct. App. 2002), *quoting Allen v. McCurry*, 449 U.S. 90, 94 (1980).  *Res judicata* "reflects the expectation that parties who are given the capacity to present their entire controversies shall in fact do so." *Apodaca v. AAA Gas Co.*, 73 P.3d 215, 240 (N.M. Ct. App. 2003); *Martinez v. Kerr-McGee Corp.*, 898 P.2d 1256, 1259 (N.M. Ct. App. 1995) (claim preclusion bars litigation of claims that were or could have been advanced in an earlier proceeding).  Plaintiff's expectation that she could pursue Defendants in a separate negligence lawsuit is outweighed by the interest of the courts and Defendants in bringing litigation to a close.  *See Anaya v. City of Albuquerque*, 924 P.2d 735, 738 (N.M. Ct. App. 1996) (underlying the test of what factual grouping constitutes a "transaction" is the need to balance the interests of defendants and of the courts in bringing litigation to a close and the interest of the plaintiff in the vindication of his claims).

Having considered the *Anaya* factors, the Court concludes that the facts underlying the tort claims in the prior state case and the tort claims in this case are so interwoven as to constitute a single claim.  Because the tort claims in the two cases arose from the same transaction, the tort claims in

this case against the Supervisory Defendants are barred by *res judicata*.

**No Preclusion of Civil Rights Claims**

The Court concludes that the civil rights claims against Defendants are not barred by *res judicata* because the civil rights claims currently before this Court are based on allegations of deliberate indifference by the Defendants which could not be asserted against the City of Albuquerque in the state case.  Nor are the civil rights claims barred by collateral estoppel because the issue of Defendants' alleged deliberate indifference was not decided in the first case.

Under New Mexico law:

if two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.

(1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:

(a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or

(b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.

*Ford v. New Mexico Dep't of Public Safety*, 891 P.2d 546, 550 (N.M. Ct. App. 1994).

A local government may not be sued under Section 1983 for an injury inflicted solely by its employees.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).  To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must show (1) the existence of a municipal policy or custom, and (2) a direct causal link between the policy or custom and the violation alleged.  *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993), *citing City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  "Municipal liability under § 1983 attaches where – and only where – a deliberate choice

to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

By way of contrast to the City of Albuquerque, Defendants in this case, who were employees of the City of Albuquerque, may be held liable under Section 1983 upon a showing of deliberate indifference to the constitutional rights of the decedent. *See Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) (liability under Section 1983 must be predicated upon a "deliberate" deprivation of constitutional rights by the defendant; it cannot be predicated upon negligence).

The Court concludes that Plaintiff's civil rights claims against Defendants are not barred by *res judicata* because the alleged deprivation of constitutional rights by Defendants could not be asserted against the City of Albuquerque in the state case. A § 1983 claim against the City must allege that an official policy caused the deprivation of constitutional rights. The "official policy" requirement was intended to distinguish the acts of the municipality from the acts of employees of the municipality, thereby making clear that the municipality is limited to action for which the municipality is actually responsible. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Plaintiff does not allege that a City of Albuquerque policy or custom caused a violation of decedent's constitutional rights. (*See* Compl.). Instead, Plaintiff alleges that acts by the City's employees caused the deprivation of constitutional rights. (*See* Compl. ¶¶ 22-24; Supervisory Defendants Tipton and Chavez failed to implement a plan for safe transport of released inmates and Defendants Weisheit and Garcia failed to safely transport decedent).

The Court also concludes that Plaintiff's civil rights claims are not barred by collateral estoppel. While *res judicata* addresses the relitigation of claims, "[c]ollateral estoppel bars

relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *Silva v. New Mexico*, 745 P.2d 380, 382 (N.M. 1987).  Defendants in this case were not defendants in the state case and the issue of whether Defendants' alleged deliberate indifference caused decedent's death was not decided in the state case.  (*see* City of Albuquerque's brief in support of its motion for summary judgment and Plaintiff's response brief in the state case, both of which are attached to Plaintiff's Response to the Motion now before this Court, Doc. No. 9, filed February 17, 2006).

       **IT IS SO ORDERED.**

**DATED:  <u>May 16, 2006</u>**

<u>                                                              </u>
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**